# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

April 27, 2026

**VIA ECF**
Hon. Gary Stein
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: ***In re Application of Michael Herzog***, **Case No. 1:26-mc-00159**
> **Letter Motion to File Portions of Memorandum of Law and Declarations of**
> **Zachary L. Rosenbaum and Daniel Naftalin Under Seal**

Dear Judge Stein:

We represent Petitioner Michael Herzog ("Mr. Herzog" or "Petitioner") in the above-captioned action. Pursuant to Section 6 of this Court's Electronic Case Filing Rules & Instructions, we respectfully submit this letter motion for an order provisionally sealing:

1. The proposed subpoena for the production of documents to be served on Davidson Kempner Capital Management LP ("DKCM"), which is attached to the Declaration of Zachary D. Rosenbaum (the "Rosenbaum Declaration") as Exhibit 1 (ECF No. 5-1);

2. The proposed corporate representative deposition subpoena to be served on DKCM, which is attached to the Rosenbaum Declaration as Exhibit 2 (ECF No. 5-2);

3. The Claim Form and Grounds of Complaint filed by Mr. Herzog in the London Central Employment Tribunal of England and Wales (the "Complaint"), which is attached to the Rosenbaum Declaration as Exhibit 3 (ECF No. 5-3);

4. The agreement which is attached to the Rosenbaum Declaration as Exhibit 4 (ECF No. 5-4);

**AMERICAS** (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**APAC** (HONG KONG, SEOUL, SHANGHAI), **CARIBBEAN** (BVI, CAYMAN ISLANDS), **EMEA** (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

April 27, 2026
Page 2

5.  Certain portions of Mr. Herzog's Memorandum of Law in Support of the Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery For Use In A Foreign Proceeding (ECF No. 3) which quote from or discuss any of the above exhibits or other information for which Respondent might seek to justify sealing;

6.  Certain portions of the Declaration of Daniel Naftalin (ECF No. 4) which quote from or discuss any of the above exhibits or other information for which Respondent might seek to justify sealing; and

7.  Certain portions of the Rosenbaum Declaration (ECF No. 5) which quote from or discuss any of the above exhibits or other information for which Respondent might seek to justify sealing,

(together, the "Redacted Materials").

The agreement appended as Exhibit 4 to the Rosenbaum Declaration (ECF No. 5-4), which is among the Redacted Materials, contains a confidentiality provision. It is nonetheless established that "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 359 (S.D.N.Y. 2020) (collecting cases).[1] Given the nature of the foreign proceeding for which 28 U.S.C. § 1782 is sought, Petitioner takes no position on whether permanent sealing is warranted, but has filed the Redacted Materials in that form provisionally so that Respondent has the opportunity to articulate whether and to what extent it believes permanent sealing of such material is appropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Accordingly, Petitioner respectfully requests that this Court permit unredacted versions of the Redacted Materials to be provisionally sealed until after such time when Respondent has made themselves heard on this issue.

Paul, Weiss has accepted service of this Application on behalf of Respondent. We intend to meet and confer with Paul, Weiss regarding a briefing schedule on the Application and the extent to which sealing, if any, is warranted.

We appreciate the Court's attention to this matter.

---

[1] *See also* Individual Rules & Practice in Civil Cases, Vernon S. Broderick, United States District Judge Rule 5 (B) (ii) ("any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents….In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.").

April 27, 2026
Page 3

Respectfully submitted,

s/ *Zachary D. Rosenbaum*
Zachary D. Rosenbaum
zachary.rosenbaum@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
T: +1 212 488 1200
F: +1 212 488 1200

*Attorney for Petitioner Michael Herzog*

cc:    Gregory Laufer (glaufer@paulweiss.com)