# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:26-mc-00159 |
| In re Application of Michael Herzog For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Davidson Kempner Capital Management LP, 9 West 57th St, 29th Floor, New York, NY 10019

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A**

| Place: Kobre & Kim LLP<br>800 Third Avenue<br>New York, New York 10022 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/20/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Zachary D. Rosenbaum |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Michael Herzog** , who issues or requests this subpoena, are:

Zachary D. Rosenbaum, Kobre & Kim LLP, 800 Third Avenue, New York, NY 10022, 212-488-1200

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:26-mc-00159

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      This subpoena incorporates the definitions and rules of construction set forth in the Federal Rules of Civil Procedure (the "Federal Rules") and Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), along with any additional definitions provided below.

2.      "2020 Amendments" shall mean any and all actual or proposed amendments to the Partnership Governance Documents that occurred in 2020.

3.      "2023 Amendments" shall mean any and all actual or proposed amendments to the Partnership Governance Documents that occurred in 2023.

4.      "All," "any" and "each" shall each be construed as encompassing any and all.

5.      "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.  *See* Local Rule 26.3(d)(2).

6.      "Communication(s)" shall refer to any oral or written statement or exchange of information, without limitation, in the form of facts, ideas, inquiries or otherwise.  *See* Local Rule 26.3.  A Request for Communication(s) includes, but is not limited to, correspondence, faxes, electronic mail, text messages, and all attachments thereto, telephone or face-to-face conversations and meetings, and notes and memoranda relating to written or oral communication.

7.      The "Complaint" shall mean the Claim Form and Grounds of Complaint filed by Michael Herzog in the London Central Employment Tribunal for England and Wales on April 2, 2026.

1

8.      "Distressed Opportunities Fund" shall mean the Davidson Kempner Distressed Opportunities Fund, as described in Paragraphs 59 through 65 of the Complaint.

9.      "DKCM" shall refer to Davidson Kempner Capital Management LP and any agent or representative, officer, director, member, employee, or partner thereof.

10.     "DKEP" shall mean Davidson Kempner European Partners, LLP and any agent or representative, officer, director, member, employee, or partner thereof.

11.     "DKEP Partnership Agreement" shall mean the Tenth Amended and Restated Agreement Supplementing the Tenth Amended and Restated Limited Liability Partnership Agreement of Davidson Kempner European Partners, LLP, and any prior versions thereof.

12.     "DKIL" shall mean Davidson Kempner International, Ltd and any agent or representative, officer, director, member, employee, or partner thereof.

13.     "DK Solutions" shall refer to Davidson Kempner Solutions Cayman LP and any agent or representative, officer, director, member, employee, or partner thereof.

14.     "Document(s)" shall be construed in the broadest sense and is synonymous in meaning to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes, without limitation, all written or oral correspondence, agreements, and memoranda; wire transfer requests, approvals, orders, and confirmations; reports and summaries of all conversations; records and reports of consultants; any visual and audio presentation, including but not limited to, Power Point presentations, videos, DVDs, or films; handwritten or other notes; minutes; press releases; faxes; records; reports; books; diaries; graphs; charts; diagrams; tables; checks; invoices; and Electronically Stored Information (as defined below), including, but not limited to, internal or external web sites; output resulting from the use of any software program, including, but not limited to, word processing documents, spreadsheets,

2

database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media regardless of whether the data exists in an active, archived, or deleted file; any and all items stored on computer memories, flash drives, hard disks, CD-ROM, DVD, magnetic tape, microfiches, and any other media such as, but not limited to, documents and data on any mobile device or personal digital assistant.  A draft or non-identical copy of any document is a separate document within the meaning of this term.  Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

15.    "Electronically Stored Information" shall refer to, without limitation:

    a.  information that is generated, received, processed, and recorded by computers and other electronic devices, including without limitation voicemails;

    b.  internal or external websites;

    c.  output resulting from the use of any software program, including, without limitation, word processing documents spreadsheets, database files, charts, graphs, outlines, electronic mails, instant messenger programs, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, an archive file, a deleted file, or a file fragment;

    d.  activity listing of electronic mail receipts and transmittals;

    e.  any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, but not limited to, mobile phone or personal digital assistance (Palm Pilot, Blackberry, iPhone, iPad, or any similar device).

16.    The "Firm" shall mean the global Davidson Kempner organization comprised of multiple fund entities and operating companies, including, but not limited to, DKCM, DKEP, DKIL, and DK Solutions.

17.    "HMRC Investigation" shall mean the HM Revenue & Customs Investigation, as described in Paragraphs 133 through 137 of the Complaint.

18.    "Including" has its standard meaning and also means "including, but not limited to" and "including, without limitation."

19.    "Partnership Governance Documents" shall mean, singularly, collectively or in any combination, the DKEP Partnership Agreement, the Eleventh Amended and Restated Limited Partnership Agreement of DKCM, dated July 1, 2023 (the "DKCM Partnership Agreement") and any prior versions thereof, and the Second Amended and Restated Exempted Limited Partnership Agreement of DK Solutions (the "DK Solutions Partnership Agreement") and any prior versions thereof.

20.    "Person" or "Persons" includes both a natural person and a corporation, company, government or regulatory agency, or other entity of any kind.

21.    "Related to," "regarding" and "concerning" have their standard meaning and are also synonymous with "consisting of," "referring to," "reflecting," "describing," "evidencing," or "constituting," or "being in any way logically or factually concerned with the matter discussed."

22.    "Relevant Time Period" refers to January 1, 2020 through the Present, unless otherwise stated.

23.    "You" and "Your" refers to DKCM and any agent or representative, officer, director, member, employee, or partner thereof.

## INSTRUCTIONS

1.      This subpoena is to be regarded as continuing in nature, so that further and more complete and supplemental responses must be provided if You obtain further, more complete, or new information or documents prior to the final disposition of this matter.

2.      If any responsive document has been destroyed, altered, or redacted in any way, please identify the document(s) and explain the destruction, alteration, or redaction.

3.      Please produce all Electronically Stored Information in its native format.

4.      In the event You withhold any documents as privileged, please provide a privilege log including the following information for each document withheld:

   a.      The date, or if no date, the date or approximate date on which it was prepared;

   b.      The author(s);

   c.      The name(s) of the person(s) to whom the document was directed and the person(s) to whom a copy of the document was directed;

   d.      The title or, if none, a description of the document;

   e.      The type of document and, if Electronically Stored Information, the software application used to create it;

   f.      The document's Bates stamp number(s);

   g.      A description of the document's subject matter sufficient to enable Plaintiff to assess the privilege claim; and

   h.      The ground(s) on which the document is being withheld.

5.      If any portion of any document is responsive to any Request, the entire document must be produced.

## DOCUMENTS TO BE PRODUCED

**YOU ARE HEREBY COMMANDED** to produce Documents and Communications in Your possession, custody or control related to the following for the Relevant Time Period:

1. Documents and Communications relating to the 2020 Amendments, Including:

    a. Redlines to prior versions of the Partnership Governance Documents;

    b. Agendas, meeting minutes, or other Communications reflecting discussions of the 2020 Amendments; and

    c. Documents and Communications reflecting concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the 2020 Amendments.

2. Documents and Communications relating to the 2023 Amendments, Including:

    a. Redlines to prior versions of the Partnership Governance Documents;

    b. Agendas, meeting minutes, or other Communications reflecting discussions of the 2023 Amendments; and

    c. Documents and Communications reflecting concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the 2023 Amendments.

3. Documents and Communications relating to the founding and/or creation of DK Solutions, Including any proposals, agendas, meeting minutes or other Communications and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

4. Documents and Communications relating to risk management policies and procedures at any of the Firm's hedge funds, Including the Firm's practice of constructing hedges on the credit books which correlated with high yield indices, and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

5. Documents and Communications regarding the construction, management, supervision of, responsibility for, performance of, and winding down of the Firm's Distressed

Opportunities Fund and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

6. Documents and Communications regarding the Firm's cost allocation procedures, Including the Firm's maintenance, or lack thereof, of separate internal management accounts for allocating costs to the relevant fund and Documents and Communications reflecting any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

7. Documents and Communications relating to the function and structure of the Firm's compliance and legal departments, Including procedures for handling conflicts of interest and the separation, distinction, and/or independence of the Firm's compliance and legal departments, and Including Documents and Communications reflecting any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

8. Documents and Communications reflecting or relating to the subject matter of the concerns raised by Mr. Herzog to You or any of Your members or representatives that (i) the Firm was not focusing on the performance of the hedge funds; (ii) the Firm was one major redemption away from not being able to continue to operate without significant cost cutting; (iii) the U.S. credit team had no one taking responsibility or in charge; (iv) DKCM partner Suzanne Gibbons had lost over $500 million without any accountability from the Firm; and (v) the Firm was not acting like a meritocracy.

9. Documents and Communications reflecting discussions relating to Anthony Yoseloff's oversight and management of the Firm, Including the lack of checks and balances on Mr. Yoseloff's virtually uncontrolled power over the Firm, and Including Documents and Communications reflecting any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

10.     Documents and Communications reflecting discussions relating to Anthony Yoseloff's family office, Including Documents and Communications reflecting the time spent by Mr. Yoseloff at his family office instead of the Firm, Including Documents and Communications regarding any contracts or other agreements between any Firm entity and Mr. Yoseloff's family office or where Mr. Yoseloff's family office took a counter position, and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

11.     Documents and Communications relating to the Firm's 2024 search for a new Chief Operating Officer ("COO"), Including Documents and Communications relating to Your decision to appoint Gabriel Schwartz as acting COO and Documents and Communications reflecting any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

12.     Documents and Communications relating to Michael Herzog's departure from the Firm, Including Documents and Communications relating to Mr. Herzog's Notice of Intent to Retire, the fees charged on Mr. Herzog's shares in DKIL, and the Firm's decision whether to treat Mr. Herzog as a Retired Partner.

13.     Documents and Communications dated between January 2025 to present relating to deductions from Mr. Herzog's carry proceeds.

14.     Documents and Communications relating to the Firm's 2026 decision to revoke its agency relationship with Mr. Herzog concerning the HMRC Investigation into the DKEP partners' tax scheme for the 2015-2016 tax year.

15.     Documents and Communications relating to the Firm's 2026 allegations that Mr. Herzog breached clauses 2(A) and 2(D) of the DKEP Partnership Agreement.

8

## <u>TO THE RECORDS CUSTODIAN</u>

Copies of documents responsive to this subpoena MUST be received in this office no later than the date indicated in the subpoena or You may be in contempt of the Court. If there is a delay for any reason, please e-mail Zachary.Rosenbaum@kobrekim.com.

**<u>IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS $500.00, PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.</u>**

Thank you for your assistance in this matter.