# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>In re Application of Michael Herzog For An Order<br>Pursuant To 28 U.S.C. § 1782 To Obtain Discovery<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.    1:26-mc-00159 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Davidson Kempner Capital Management LP, 9 West 57th St, 29th Floor, New York, NY 10019

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: **See Schedule A**

| Place:  Kobre & Kim LLP<br>800 Third Avenue<br>New York, New York 10022 | Date and Time: |
|---|---|

The deposition will be recorded by this method: _____

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/20/2026

|  |  |  |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | CLERK OF COURT<br><br>OR | /s/ Zachary D. Rosenbaum<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

Zachary D. Rosenbaum, Kobre & Kim LLP, 800 Third Avenue, New York, NY 10022, 212-488-1200, zachary.rosenbaum@kobrekim.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:26-mc-00159

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      This subpoena incorporates the definitions and rules of construction set forth in the Federal Rules of Civil Procedure (the "Federal Rules") and Local Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Rules"), along with any additional definitions provided below.

2.      The "Complaint" shall mean the Claim Form and Grounds of Complaint filed by Michael Herzog in the London Central Employment Tribunal for England and Wales on April 2, 2026.

3.      "Distressed Opportunities Fund" shall mean the Davidson Kempner Distressed Opportunities Fund, as described in Paragraphs 59 through 65 of the Complaint.

4.      "DKCM" shall mean Davidson Kempner Capital Management LP and any agent or representative, officer, director, member, employee, or partner thereof.

5.      "DKEP" shall mean Davidson Kempner European Partners, LLP and any agent or representative, officer, director, member, employee, or partner thereof.

6.      "DKEP Partnership Agreement" shall mean the Tenth Amended and Restated Agreement Supplementing the Tenth Amended and Restated Limited Liability Partnership Agreement of Davidson Kempner European Partners, LLP, and any prior versions thereof.

7.      "DKIL" shall mean Davidson Kempner International, Ltd and any agent or representative, officer, director, member, employee, or partner thereof.

8.      "DK Solutions" shall mean Davidson Kempner Solutions Cayman LP and any agent or representative, officer, director, member, employee, or partner thereof.

9.    "HMRC Investigation" shall mean the HM Revenue & Customs Investigation, as described in Paragraphs 133 through 137 of the Complaint.

10.    The "Firm" shall mean the global Davidson Kempner organization comprised of multiple fund entities and operating companies, including, but not limited to, DKCM, DKEP, DKIL, and DK Solutions.

11.    "Partnership Governance Documents" shall mean, singularly, collectively, or in any combination the DKEP Partnership Agreement, the Eleventh Amended and Restated Limited Partnership Agreement of DKCM, dated July 1, 2023 (the "DKCM Partnership Agreement") and any prior versions thereof, and the Second Amended and Restated Exempted Limited Partnership Agreement of DK Solutions (the "DK Solutions Partnership Agreement") and any prior versions thereof.

12.    "You" or "Your" shall mean DKCM and any agent or representative, officer, director, member, employee, or partner thereof.

**INSTRUCTIONS**

1.    For purposes of interpreting or construing the scope of these Topics, all terms shall be given their most expansive and inclusive interpretation.  This includes, without limitation, construing:

    a. The terms "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the Topic at issue more inclusive and bring within the scope of the Topic any information that might otherwise be construed to be outside the scope of the Topic;

    b. The singular form of the word to include the plural, and vice versa;

2

c. The term "concerning" to mean relating to, referring to, describing, evidencing, or constituting;

d. The terms "include" and "including" to mean "including but not limited to" and "including without limitation";

e. The term "all" to mean "any and all," and vice versa;

f. The term "each" to include "every," and vice versa;

g. The term "between" to include "among," and vice versa;

h. The use of a verb in any tense as the use of the verb in all other tenses; and

i. All spelling, syntax, grammar, abbreviations, idioms, and proper nouns to give proper meaning and consistency to their context.

2. Unless otherwise stated, the Relevant Time Period for these Topics is January 1, 2020 through the Present.

## DEPOSITION TOPICS

1. The Firm's decisions to amend the Partnership Governance Documents in 2020 and 2023 and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding those amendments or proposed amendments.

2. The Firm's decision to establish DK Solutions and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the business rationale for DK Solutions and its insurance business.

3. The Firm's risk management strategy, including the Firm's practice of constructing hedges on the credit books which correlated with high yield indices, and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

3

4.     The construction, management, supervision of, responsibility for, performance of, and winding down of the Distressed Opportunities Fund and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

5.     The Firm's cost allocation procedures, including the Firm's failure to maintain separate internal management accounts for allocating costs to the relevant fund any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

6.     The relationship between the Firm's compliance and legal departments, including procedures for handling conflicts of interest, the separation or lack thereof between the compliance and legal departments, and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

7.     The subject matter of the concerns raised by Mr. Herzog to You or any of Your members or representatives that (i) the Firm was not focusing on the performance of the hedge funds; (ii) the Firm was one major redemption away from not being able to continue to operate without significant cost cutting; (iii) the U.S. credit team had no one taking responsibility or in charge; (iv) DKCM partner Suzanne Gibbons had lost over $500 million without any accountability from the Firm; and (v) the Firm was not acting like a meritocracy.

8.     Mr. Yoseloff's management of the Firm, including the lack of checks and balances on Mr. Yoseloff's virtually uncontrolled power over the Firm, and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

9.     The time and resources spent by Mr. Yoseloff at his family office instead of on management of the Firm's funds and any contracts or other agreements between any Firm entity and Mr. Yoseloff's family office or where Mr. Yoseloff's family office took a counter position,

4

and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

10.     The Firm's search for a new Chief Operating Officer in 2024 and any concerns raised by Mr. Herzog to You or any of Your members or representatives regarding the same.

11.     The Firm's decision regarding whether to treat Mr. Herzog as a Retired Partner under the DKEP Partnership Agreement, including Mr. Herzog's notice of intent to retire and the Firm's decision to charge Mr. Herzog fees on his shares in DKIL and to retain a percentage of Mr. Herzog's redemption proceeds.

12.     The Firm's decision to make deductions from Mr. Herzog's carry proceeds after Mr. Herzog ceased being a partner of DKEP in 2025.

13.     The Firm's 2026 decision to revoke its agency relationship with Mr. Herzog concerning the HMRC Investigation into the DKEP Partners' tax scheme for the 2015-2016 tax year.

14.     The bases for the Firm's 2026 allegations that Mr. Herzog breached clauses 2(A) and 2(D) of the DKEP Partnership Agreement.