**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*Michael Herzog,*

Petitioner,

Case No. 1:26-mc-00159-VSB-GS

*v.*

*Davidson Kempner Capital Management LP,*

Respondent.

## DECLARATION OF RICHARD HORNSHAW IN SUPPORT OF DAVIDSON KEMPNER'S LETTER MOTION TO REDACT AND SEAL

I, Richard Hornshaw, declare under penalty of perjury under the laws of the United States of America as follows:

1.      I am a solicitor duly licensed and qualified to practise in England and Wales. I am a partner resident in the London office of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP. I represent Davidson Kempner European Partners, LLP, Davidson Kempner Solutions Cayman LP and Mr. Anthony Yoseloff in the dispute in the London Central Employment Tribunal (the "UK Proceeding") underlying Petitioner's application to this Court seeking discovery under 28 U.S.C. § 1782. Except as otherwise indicated, I have direct knowledge of the matters stated herein.

2.      Petitioner's application is accompanied by a declaration from Zachary Rosenbaum (Dkt. No. 5), which includes a copy of, and itself references, Petitioner's complaint in the UK Proceeding (the "UK Complaint"). *See* Dkt. No. 5-3.  Petitioner's application is likewise accompanied by other documents that reference the substantive content of the UK Complaint. Dkt.

1

Nos. 3, 5-1 & 5-2. Petitioner's application is also accompanied by a declaration from Daniel Naftalin (Dkt. No. 4), which includes extensive references to the substance of the UK Complaint.

3.      As a matter of English law, the file for the UK Proceeding, including the UK Complaint, is not public. Accordingly, there is no right of access for non-parties to the Tribunal file, including the UK Complaint, pending a hearing in public (or the granting of an application by a third party for access to a specific document).

4.      Preliminary hearings in the UK Proceeding, e.g., to deal with case management, are not public.[1]

5.      Final Tribunal hearings and *substantive* preliminary Tribunal hearings, e.g., where the Tribunal is determining a preliminary issue, or a strike out application, will usually take place in public,[2] subject to the making of privacy orders under Rule 49 of the Rules.

6.      Where a hearing takes place in public, the witness statements, the hearing bundle and other documents referred to in evidence or at the hearing will generally be available for inspection by members of the public (and press) who attend the hearing.[3] But access to these documents during the hearing is typically limited to only those people actually attending (in person or remotely), and the right is for inspection, not to keep or take copies (including photos) of anything unless they have the express permission of the Tribunal.[4]

7.      An initial case management hearing has been scheduled in the UK Proceeding for November 2027. The business of that hearing identified on the Notice of Hearing means that, in

---

[1]     Employment Tribunal Procedure Rules 2024, SI 2024/1155, Rule 54 (Gr. Brit.) (the "Rules"), https://www.legislation.gov.uk/uksi/2024/1155/data.pdf (providing the default position that "[p]reliminary hearings must be held in private").
[2]     *See id.* Rules 54, 57.
[3]     *See id.* Rule 44 (relating to witness statements).
[4]     *See id.*

accordance with Rule 54(1), the hearing will take place in private. Accordingly, documents on the Tribunal file are likely to remain non-public until a subsequent final hearing, or substantive preliminary hearing, takes place, which is likely, at the earliest, to be in 2028 or 2029 for a substantive preliminary hearing, or potentially later in the case of a final hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:        London, United Kingdom
              May 7, 2026

                                          Richard Hornshaw

3