# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

Michael Herzog,

                        Petitioner,

              - against -

Davidson Kempner Capital Management LP,

                    Respondent.

---------------------------------------------------------------------------- x

Case No. 1:26-mc-00159-VSB-GS

## DECLARATION OF RUPERT COWPER-COLES IN SUPPORT OF NON-PARTY BLOOMBERG L.P.'S LETTER APPLICATION FOR ACCESS AND OPPOSITION TO RESPONDENT'S MOTION TO REDACT AND SEAL

I, RUPERT COWPER-COLES, declare under penalty of perjury under the laws of the United States or America as follows:

1. I am a solicitor duly licensed and qualified to practice in England and Wales. I am a partner at Reynolds Porter Chamberlain LLP. I am instructed by Bloomberg L.P. in connection with its opposition to Davidson Kempner's letter motion to redact and seal Michael Herzog's application to the United States District Court, Southern District of New York, seeking discovery under 28 U.S.C. § 1782. Except as otherwise indicated, I have direct knowledge of the matters stated herein.

2. I make this statement in response to the Declaration of Richard Hornshaw ("Decl. Hornshaw") in order to clarify and contextualise certain matters set out therein.

3. Open justice is a fundamental principle of English law, which applies to all courts and tribunals exercising the judicial power of the state. It gives English courts and tribunals inherent jurisdiction to allow non-parties access to court documents in civil proceedings. The default position is that the public should be allowed access, not only to the parties' written

submissions and arguments, but also to the documents which have been placed before the court and referred to during the hearing.[1] It is for the person seeking access to explain why he seeks it and how granting access will advance the open justice principle.[2]   The media will often be better placed than other persons in demonstrating a legitimate interest in accessing documents in civil proceedings.[3]

4.      The open justice principle applies to employment tribunal cases, as to any other type of case before English courts and tribunals.[4] As set out in Decl. Hornshaw, where a hearing before the Employment Tribunal takes place in public, the hearing bundles and other documents referred to in evidence or at the hearing will generally be available for inspection by members of the public and press who attend the hearing.[5] A member of the public or press may also apply for access to documents after the hearing, where they can demonstrate that granting access to documents will advance open justice.[6]

5.      Whilst claim forms in Employment Tribunal proceedings are, in practice, generally not made available for the public to access prior to any public hearing, there is no rule that claim forms are private documents, nor any prohibition on a party to employment proceedings from disclosing them to third parties. In the absence of an order restricting disclosure of the claim form under Rule 49 of the Employment Tribunal Procedure Rules 2024 ("Rule 49"), claim forms will generally become available for inspection at the public hearing.

---

[1] *Cape Intermediate Holdings Ltd v Dring* [2019] UKSC 38, paragraph 41.
[2] *See id.,* paragraph 45.
[3] *See id.,* paragraph 45.
[4] *XY v AB* [2025] EAT 66, paragraph 107; Presidential Practice Direction (England & Wales) on remote hearings and open justice, https://www.judiciary.uk/wp-content/uploads/2013/08/14-Sept-2020-SPT-ET-EW-PD-Remote-Hearings-and-Open-Justice.pdf ("Presidential Practice Direction").
[5] Rule 44 of the Employment Tribunal Procedure Rules 2024 (in relation to witness statements); *Cape Intermediate Holdings Ltd v Dring* [2019] UKSC 38.
[6] *Guardian News & Media Ltd v Rozanov and EFG Private Bank Ltd* [2022] EAT 12, paragraph 50 and 99-101.

6.    Rule 49 provides that the Tribunal may prevent or restrict the public disclosure of any aspect of proceedings so far as it considers necessary in the interests of justice or in order to protect the Convention rights[7] of any person. In considering whether to make such order, the Tribunal must give full weight to the principle of open justice, and to the Convention right to freedom of expression. Any derogation from open justice must be justified by clear and cogent evidence as being necessary in the interests of justice.[8] The threshold for an application restricting a claim form under Rule 49 is, therefore, a high one.

7.    To the best of my knowledge and that of Bloomberg L.P., no order has been made pursuant to Rule 49 in the English proceedings to restrict disclosure of the Claim Form or any other document. Nor is there any suggestion in Davidson Kempner's Letter Motion to Redact and Seal or in Decl. Hornshaw that any application under Rule 49 is contemplated.

8.    The leading case on open justice in English law cites the philosopher and jurist Jeremy Bentham on the rationale for the open justice principle: "*Publicity is the very soul of justice. It is the keenest spur to exertion and the surest of all guards against improbity. It keeps the judge himself while trying under trial*".[9]

9.    In light of the foregoing, I would not regard the Claim Form as a private document and would expect it to become available to members of the public and press at the first public hearing in the proceedings before the Employment Tribunal. I note that the matters in the English proceedings are matters of significant public interest given they relate to a dispute at a global hedge fund. Applying the open justice principle, there would likely be a legitimate interest in the public, and in particular the media, being afforded access to the claim documents.

---

[7] Meaning the rights protected under the European Convention of Human Rights, as set out in section 1 of the Human Rights Act 1998.

[8] *R (Marandi) -v- Westminster Magistrates Court* [2023] EWHC 587 (Admin), §44.

[9] Page 477 *Scott v Scott* [1913] AC 417

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  London, United Kingdom
  May 15, 2026

                         _____

                         RUPERT COWPER-COLES

4