**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

*Michael Herzog,*

                                        Petitioner,

                    *v.*

*Davidson Kempner Capital Management LP*,

                                        Respondent.

---

Case No. 1:26-mc-00159-VSB-OTW

**DECLARATION OF RICHARD HORNSHAW IN FURTHER SUPPORT OF**
**DAVIDSON KEMPNER'S LETTER MOTION TO REDACT AND SEAL**

I, Richard Hornshaw, declare under penalty of perjury under the laws of the United States of America as follows:

1.      I am a solicitor duly licensed and qualified to practise in England and Wales.  I am a partner resident in the London office of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP.  I represent Davidson Kempner European Partners, LLP, Davidson Kempner Solutions Cayman LP and Mr Anthony Yoseloff in the dispute in the London Central Employment Tribunal (the "**UK Tribunal Proceedings**") underlying Petitioner's application to this Court seeking discovery under 28 U.S.C. § 1782.  Except as otherwise indicated, I have direct knowledge of the matters stated herein.

2.      I make this statement in response to the Declaration of Mr Rupert Cowper-Coles filed on 19 May 2026 ("**Decl. Cowper-Coles**"), and respond to certain matters set out therein.  *See* Dkt. No. 27-1.  Specifically, there are five matters raised in Decl. Cowper-Coles which I wish to address.

1

3.      *First*, I note that it appears to be common ground between me and Mr Cowper-Coles that: (i) pursuant to Rule 54(1), the first hearing in this matter, which has been scheduled for November 2027, will take place in private; and (ii) documents on the Tribunal file can therefore be expected to remain non-public until a subsequent final hearing (or substantive preliminary hearing) takes place, which is likely, at the earliest, to be in 2028 or 2029 for a substantive preliminary hearing, or potentially later in the case of a final hearing.

4.      *Second*, Mr Cowper-Coles notes, although does not emphasise, that the right of non-party access in the context of a public Employment Tribunal hearing, is a right of <u>inspection</u> only – it does not extend to the right to obtain a copy of a document from the Court file (*see* paragraph 6 of my first Declaration, Dkt. No. 24).[1]

5.      *Third*, Mr Cowper-Coles refers to the jurisdiction of the English court and tribunals to allow non-parties access to court documents in civil proceedings. However, he rightly notes that there is no automatic right of access; and that it is for the person seeking access to explain why he seeks it and therefore why the discretion of the Court should be exercised in his favour on the facts of that particular case.[2] In any event, Mr Cowper-Coles has not identified a single instance where such an application for access by a non-party to documents on the Tribunal's file has been made successfully in the Employment Tribunal prior to a public hearing taking place.

6.      *Fourth*, Mr Cowper-Coles notes that – to his knowledge – no order has been made in the UK Tribunal Proceedings pursuant to Rule 49 to restrict disclosure of the Claim Form. I

---

[1] I note the only Rule which expressly permits non-party rights of inspection is Rule 44, which applies only to witness statements filed in proceedings.

[2] For example, taking into account "any risk of harm which its disclosure may cause to the maintenance of an effective judicial process and to the legitimate interests of others." *Cape Intermediate Holdings Ltd v Dring* [2019] UKSC at [47].

would expect that the reason for that is because, as set out above, even without such an order, the documents are not in any event available to a non-party.

7.    *Fifth*, I note that Mr Cowper-Coles asserts that the matters in the UK Tribunal Proceeding are of "*significant public interest given they relate to a dispute at a global hedge fund.*"[3] Whilst, for the reasons set out above, I do not consider that to be a relevant issue in these circumstances, I would note that no authority is given for that assertion; and in my view it is by no means clear that the Tribunal would consider the UK Tribunal Proceedings, which principally relate to the internal corporate governance arrangements of a private investment fund, to be of public interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    London, United Kingdom
May 27, 2026

Richard Hornshaw

---

[3] Decl. Cowper-Coles, Dkt. No. 27-1 ¶ 9.