**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *Michael Herzog,* <br><br>                   Petitioner, <br><br>         v. <br><br> *Davidson Kempner Capital Management LP*, <br><br>               Respondent. | Case No. 1:26-mc-00159-VSB-OTW |

**DECLARATION OF RICHARD HORNSHAW IN SUPPORT OF**
**RESPONDENT DAVIDSON KEMPNER'S OPPOSITION TO**
**PETITIONER'S APPLICATION FOR AN ORDER**
**TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, Richard Hornshaw, declare under penalty of perjury under the laws of the United States of America as follows:

1.     I am a solicitor duly licensed and qualified to practise in England and Wales.  I am a partner resident in the London office of the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP.  I represent Davidson Kempner European Partners, LLP, Davidson Kempner Solutions Cayman LP and Mr Anthony Yoseloff in the dispute in the London Central Employment Tribunal (the "UK Tribunal Proceedings") underlying Petitioner's application to this Court seeking discovery under 28 U.S.C. § 1782 ("Application").  Except as otherwise indicated, I have direct knowledge of the matters stated herein.

2.     I make this statement in support of Davidson Kempner Capital Management LP's Memorandum of Law in Opposition to Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782.  Specifically, I wish to make the following two points.

1

3.      *First*, I am aware that deposition testimony is included in the relief sought by the Application.  There is no provision in Rules of the Employment Tribunal for parties to provide deposition testimony—such testimony is not part of the Employment Tribunal's procedure for collection of evidence.

4.      *Second*, as noted in my prior Declarations (Dkt. Nos. 24; 33), the first case management conference for the UK Tribunal Proceedings has been listed to be heard in November 2027.  Accordingly, on the basis of the current procedural timetable and pursuant to Rule 30 of the Employment Tribunal Procedure Rules, the earliest time at which the Tribunal will set a timetable for disclosure (discovery) of documents is November 2027.  In fact, in light of the jurisdictional and other threshold objections (including as to the Petitioner's failure properly to particularise the alleged protected disclosures on which he relies)[1] taken by the Defendants in their Grounds of Resistance in the UK Tribunal Proceedings, it is quite possible that no order for disclosure will be made until those objections have been determined, which will very likely be some time after November 2027.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:        London, United Kingdom
              June 25, 2026

                                Respectfully submitted,

                                _____
                                Richard Hornshaw

---

[1] UK Employment Tribunal Case Number 6011625/2026 Grounds of Response, paragraph 30.