**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| In Re Application Of<br><br>MICHAEL HERZOG<br><br>Petitioner, For An Order Pursuant To 28 U.S.C. § 1782 To Obtain Discovery For Use In A Foreign Proceeding |

Case No. 1:26-mc-00159-VSB-OTW

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**THE APPLICATION FOR AN ORDER TO OBTAIN DISCOVERY**
<u>**PURSUANT TO 28 U.S.C. § 1782**</u>

KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
+1 212 488 1200

*Attorneys for Petitioner Michael*
*Herzog*

**INTRODUCTION**

DKCM[1] concedes that Section 1782's statutory requirements are satisfied.  And it does not seriously dispute that *Intel*'s discretionary factors favor granting the Application.  Instead, lacking any genuine grounds to oppose the Application, DKCM purports solely through argument of counsel that Mr. Herzog made the Application in "bad faith."  DKCM lacks any evidentiary support for that false allegation, and it provides no basis to deny the discovery sought here.

**ARGUMENT**

I.    **DKCM's False and Unsupported Accusations of Bad Faith Cannot Defeat the Application.**

Nearly two years ago, DKEP constructively terminated Mr. Herzog in violation of English law and has continued to retaliate against him ever since.  DKCM's opposition (Dkt. 35, the "Opposition" or "Opp.") is more of the same: long on rhetoric; short on facts, law, or evidence.  Indeed, DKCM provides *no* evidence whatsoever of any bad faith conduct by Mr. Herzog.  There is none.  Rather, DKCM resorts to conclusory accusations through attorney argument, which carry no weight.  *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.").  DKCM had the burden to demonstrate bad faith with actual evidence but offered none.  *See In re Gorsoan Ltd.*, 435 F. Supp. 3d 589, 602 (S.D.N.Y. 2020) (respondent has burden to support allegation of bad faith) (overruled on other grounds); *In re Vale S.A.*, 2020 WL 4048669, at *5 (S.D.N.Y. July 20, 2020) (Wang, J.) (rejecting bad faith argument where respondent failed to "provide[] sufficient evidence").

DKCM's unsupported assertions of bad faith should therefore not be considered.  Nevertheless, since the Opposition advances conjecture that "the main (if not only) reason Herzog

---

[1] Unless otherwise defined herein, capitalized terms have the meanings ascribed in Mr. Herzog's opening brief (Dkt. 10, the "Opening Brief" or "Op.Br.").

filed this Application was to publicize the allegations made in the U.K. Action" (*see* Opp. at 9; *see also id.* at 10), Mr. Herzog has provided a responsive declaration explaining his good faith reasons for bringing these proceedings (*see generally* Declaration of Michael Herzog ("Herzog Decl.")). He also submits a supplemental declaration from English counsel explaining that the Complaint was properly brought. *See* Reply Declaration of Daniel Naftalin ("Reply Naftalin Decl.") at ¶ 7. And we provide exemplar communications between the parties' U.S. counsel, which DKCM's Opposition purports to characterize without appending. *See* Reply Declaration of Zachary D. Rosenbaum ("Reply Rosenbaum Decl.") Exs. 2-4.

DKCM's accusations are also belied by the record. Mr. Herzog filed the Application with extensive redactions so that no substantive assertions or arguably sensitive commercial information was on the public docket (*see* Dkts. 3 through 5, 9), *expressly* to afford DKCM the opportunity to request sealing. That sealing application was later denied. Dkt. 37. Meanwhile, a day *after* the redacted Application was filed and *after* OffshoreAlert[2] had already reported on it, Bloomberg requested comment from Mr. Herzog (which he declined to give) for an article it was publishing about the redacted Application. Moreover, it was only after *DKCM itself* filed a less redacted version of the Application on the public docket that Bloomberg expanded its reporting weeks later. Herzog Decl. ¶ 71.

Mr. Herzog has *not* commented to the media at all about the matter, nor has he directed anyone to do so on his behalf. *See generally* Herzog Decl. ¶¶ 62-76. In contrast, DKCM has made false and disparaging statements about Mr. Herzog to the media about the matter. *See id*. That the Application, like many others, was picked up by the media is commonplace; news outlets

---

[2] OffshoreAlert is a self-described "investigative intelligence" firm that actively "monitor[s] offshore and onshore courts" to identify "red flags in high-value international finance." *OffshoreAlert*, About OffshoreAlert, https://www.offshorealert.com/about/ (last visited July 28, 2026).

2

routinely report on Section 1782 applications, as is their right. *See, e.g.*, Reply Rosenbaum Decl. ¶¶ 6-16.

DKCM's other allegations of bad faith also fail. *First*, that Mr. Herzog filed the Application without *prior* notice to DKCM is standard. Courts often grant Section 1782 applications filed *ex parte*, although this Application was not *ex parte*. Mr. Herzog provided copies to DKCM's counsel the day the Application was filed and promptly negotiated schedules for DKCM's sealing application and Opposition. Dkt. 5 ¶ 8; Dkt. 19. *Second*, DKCM's contention that Mr. Herzog "circumvented contractual confidentiality and non-disclosure provisions" is entirely hollow. Opp. at 8. Mr. Herzog has a legal right to prosecute the English Proceeding and, in seeking evidence to support it, undertook caution by giving DKCM the opportunity to protect confidential, commercially sensitive information that it could establish warranted sealing. *Third*, the fact that discovery in the English Proceeding has not begun is irrelevant. *See infra* pgs. 6-7. *Fourth*, DKCM's claim that Mr. Herzog "can obtain all the discovery he would be entitled to" in the English Proceeding is wrong (*see infra* pgs. 4-5), unsubstantiated, and similarly flawed. Opp. at 9. *See also In re Man Grp. Ltd.*, 2025 WL 846134, at *6 (S.D.N.Y. Mar. 13, 2025) (Wang, J.) (granting discovery notwithstanding respondent's "voluntary" participation in foreign proceeding). *Finally*, that *DKEP* provided some heavily reacted documents to Mr. Herzog in response to his Data Subject Access Request (Herzog Decl. ¶ 47; Reply Naftalin Decl. ¶¶ 8-10) has no bearing on this Application for discovery from *DKCM*.[3]

---

[3] *Khrapunov v. Prosyankin*, 931 F.3d 922, 225-26 (9th Cir. 2019), cited by DKCM, provides no basis for discovery by DKCM against Mr. Herzog. That case is entirely inapposite. The Ninth Circuit remanded for "additional fact-finding" regarding whether the foreign proceeding may be "reopened" and thus was within "reasonable contemplation." *Id.*

## II.    **Each Discretionary Factor Strongly Favors Granting the Application.**

### A.    **DKCM is Not a Participant in the English Proceeding.**

DKCM concedes that it is not a party to the English Proceeding, and it does not claim to be subject to the Employment Tribunal's jurisdiction.  Opp. at 11-14.  Instead, DKCM argues that the first *Intel* factor weighs against discovery because the Application "does not identify any specific category of evidence uniquely held by DK and unavailable through the U.K. Action" and instead "seeks information from DKEP and DK Solutions" who are parties to the English Proceeding.  Opp. at 12, 13.  That is simply untrue.  The very purpose of the Application is to obtain evidence *from DKCM itself* and its New York-based custodians who witnessed Mr. Herzog's Protected Disclosures and Mr. Yoseloff's underlying misconduct. Reply Rosenbaum Decl., Ex. 1 (litigation hold notice); Herzog Decl. ¶ 57 (listing relevant DKCM personnel); Op.Br. at 7, 10 (recounting purpose of Application); Dkt. 12-1 (document Subpoena); Dkt. 12-2 (deposition Subpoena).

That the discovery sought may "implicate[]" DKEP and DK Solutions is neither "surprising" nor problematic.  *In re Application of CBRE Glob. Invs. (NL) B.V.*, 2021 WL 2894721, at *10 (S.D.N.Y. July 9, 2021).  Indeed, "the whole purpose of the discovery request[s]" from DKCM "is to obtain documents and information for use in foreign litigation" against the parties to that foreign case.  *Id.*  The unsubstantiated possibility that DKEP and DK Solutions might also have access to some information "is of little to no consequence" because the Subpoenas seek evidence regarding the knowledge and conduct of DKCM and its employees, which is not "information that an affiliate or subsidiary would have solely by virtue of its relationship to [DKEP and DK Solutions] and is pertinent only to [those entities]."  *In re Application of Johannes Roessner*, 2021 WL 5042861, at *2 (S.D.N.Y. Oct. 29, 2021) (Wang, J.) (cleaned up); *see also*

4

*Man Grp.*, 2025 WL 846134, at *6 (first *Intel* factor favored discovery even where respondent had "voluntary[ily] participat[ed]" in the foreign proceeding).[4]

### B.    Courts in the United Kingdom are Receptive to Section 1782 Discovery.

DKCM does not dispute that the second *Intel* factor weighs against discovery only where there is "authoritative proof" that the Employment Tribunal would reject the evidence sought. *See* Op.Br. at 13; *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995); *In re Polygon Glob. Partners LLP*, 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (similar).   The burden is on *DKCM*, not Mr. Herzog, to provide such "authoritative proof."   *See, e.g.*, *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018) (explaining respondent's burden); *In re Ex Parte Application of Maria Claudia Beldi, et al.*, 2025 WL 4954355, at *8-9 (S.D.N.Y. Oct. 22, 2025) (similar).   The Application was supported by an English law declaration explaining that "English courts are specifically receptive to evidence obtained in the United States pursuant to 28 U.S.C. § 1782" (Dkt. 11 ¶¶ 20-22), while DKCM's four-paragraph English law declaration does not contend otherwise. *See* Dkt. 36.   Nor has DKCM identified, as it must, evidence of "judicial, executive or legislative declarations" from the United Kingdom which "specifically address the use of evidence gathered under foreign procedures" and would reject the evidence sought. *See Euromepa*, 51 F.3d at 1100; *In re Batbold*, 2021 WL 4596536, at

---

[4] Because the Application seeks discovery of documents belonging to DKCM, not DKEP or DK Solutions, DKCM's efforts to distinguish the Opening Brief's cases fail.  Opp. at 13-14.  Moreover, *In re Novalpina Cap. Partners I GP S.A.R.L.*, 2025 WL 1160854 (S.D.N.Y. Apr. 21, 2025) reflects that the cases DKCM relies upon (including *Postalis* and *Elvis Presley*) are outdated; more recent cases permit Section 1782 discovery into U.S. parents of non-U.S. participants in foreign proceedings. *See Novalpina*, 2025 WL 1160854, *24 (collecting cases).  *In re Technologias* is also inapposite.  There, the petitioner sought discovery of *the same documents* that were in the possession of the petitioner's foreign adversary. *In re Tecnologias Relacionadas con Energia y Servicios Especializados, S.A. De C.V.*, 2026 WL 772944, at *4 (S.D.N.Y. Jan. 28, 2026).

*4 (S.D.N.Y. Oct. 6, 2021) (Wang, J.) (United Kingdom courts are "receptive to Section 1782 discovery").[5]

DKCM's assertion that "discovery in the U.K. Action is not even underway" (Opp. at 14) also does not weigh against the Application. Mr. Herzog need not wait until the English Proceeding advances to the discovery stage to obtain the evidence he seeks here. Such a requirement would "contradict the well-established principle that an applicant may obtain Section 1782 discovery even if they have yet to commence the foreign proceeding for which discovery is sought." *In re Navios S. Am. Logistics Inc.,* 2025 WL 369717, at *8 (S.D.N.Y. Feb. 3, 2025) (citations omitted); *see also Mees v. Buiter,* 793 F.3d 291, 300 (2d Cir. 2015) (rejecting timing argument as "contrary to the statute's aim of providing efficient means of assistance to participants in international litigation") (citation omitted); *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259 (2004) (foreign proceeding need not be pending at time evidence is sought).[6]

### C.    The Application Comports with English Proof-Gathering Restrictions.

DKCM does not dispute that the third *Intel* factor weighs against discovery only where "rules, akin to privileges" "prohibit the acquisition or use" of the discovery sought. Op.Br. at 13; *CBRE*, 2021 WL 2894721, at *11. But DKCM does not identify any rule or privilege that would prohibit Mr. Herzog from using in the English Proceeding the discovery he seeks here. *See* Opp. at 16-17. Instead, DKCM argues that the Application is "part of an effort to preempt discovery procedures applicable to the foreign proceeding." *Id.* at 17. But it is well-established that "[t]he

---

[5] In *In re Brookfield Infrastructure Partners L.P.*, 2025 WL 1503942, at *12-14 (S.D.N.Y. May 27, 2025), cited by DKCM (Opp. at 15), the respondents did not "reside" in this district, and the court did not even consider the *Intel* factors.

[6] None of the cases cited by DKCM are relevant. *See In re Ex Parte Shagang Shipping Co., Ltd.*, 2014 WL 1744264, at *2 (S.D.N.Y. Apr. 28, 2014) (applicant sought pre-judgment discovery regarding opposing party's assets, which is precluded); *Jiangsu Steamship Co. v. Success Superior Ltd*., 2015 WL 3439220, at *7 (S.D.N.Y. Feb. 5, 2015) (applicant did not identify a specific adjudicative foreign proceeding); *In re King Baby Marine LLC*, 2017 WL 6940563, at *2–3 (S.D.N.Y. Dec. 22, 2017) (foreign proceeding was "speculative"); *In re Kreke Immobilien KG*, 2013 WL 5966916, at *6 (S.D.N.Y. Nov. 8, 2013) (foreign court had "jurisdictional authority" over the respondent).

evidence requested does not need to be admissible or discoverable in the foreign tribunal." *Polygon*, 2021 WL 2117397, at *10; *Mees*, 793 F.3d at 303 (similar). And "[a]uthorizing discovery on a faster schedule than would be available in the foreign proceeding does not offend [] principles of comity where the material collected does not contradict any privilege or policy of the foreign court." *Navios*, 2025 WL 369717, at *8.

> **D.     The Narrow, Targeted Discovery Requests Are Neither Unduly Intrusive Nor Burdensome.**

DKCM does not dispute that the Application seeks information relevant to the English Proceeding. Instead, DKCM argues that the Subpoenas are "inconsistent with Rule 26's proportionality and burden limitations." Opp. at 17. But that is untrue, and either way, provides no basis to deny the Application.

The Subpoenas seek targeted discovery from DKCM alone and thus would not "sweep in internal records across multiple Davidson Kempner entities" and jurisdictions. Opp. at 18. Moreover, the Subpoenas contain one document request for each of the Protected Disclosures and Detriments alleged in the Complaint. *See generally* Dkts. 12-1, 12-2. And although the Complaint alleges that multiple DKCM employees have relevant information, the Application seeks *just one* corporate representative deposition of DKCM. The Subpoenas are thus well within the bounds of Rule 26 and are consistent with Section 1782 applications routinely granted in this District. *See* Op.Br. at 15-16 (collecting cases); *see also Man Grp.*, 2025 WL 846134, at *9 (subpoenas seeking "any and all" documents not overbroad). That compliance with the Subpoenas may be inconvenient for DKCM is no basis to deny the Application. *See Novalpina*, 2025 WL 1160854, at *27 ("inconvenience alone is insufficient justification to quash a [Section 1782] subpoena that seeks potentially relevant testimony") (cleaned up).

7

In any event, "'it is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright.'" *Hansainvest*, 364 F. Supp. 3d at 251 (citing *Euromepa*, 51 F.3d at 1101). Petitioner remains willing to meet and confer with DKCM. *See* Op.Br. at 15.

### III.  There is No Basis to Require Mr. Herzog to Pay DKCM's Costs.

The "presumption is that the responding party must bear the expense of complying with discovery requests." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (citation omitted); *see Novalpina*, 2025 WL 1160854, at *31 (identifying cost-shifting factors considered in Section 1782 context). DKCM makes no effort to rebut that presumption. *See* Opp. at 19-20. Either way, as the main operating entity of one of the world's largest hedge funds, DKCM can more readily bear the costs of this targeted discovery than Mr. Herzog. DKCM's unsupported request for cost-shifting should be denied.

### CONCLUSION

The Application should be granted.


Dated:  July 29, 2026　　　　　　　　　Respectfully submitted,
　　　　New York, NY

　　　　　　　　　　　　　　　　　　　By: */s/ Zachary D. Rosenbaum*

　　　　　　　　　　　　　　　　　　　Zachary D. Rosenbaum
　　　　　　　　　　　　　　　　　　　zachary.rosenbaum@kobrekim.com
　　　　　　　　　　　　　　　　　　　Alyssa L. Aubuchon
　　　　　　　　　　　　　　　　　　　alyssa.aubuchon@kobrekim.com
　　　　　　　　　　　　　　　　　　　KOBRE & KIM LLP
　　　　　　　　　　　　　　　　　　　800 Third Avenue
　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　+1 212 488 1200
　　　　　　　　　　　　　　　　　　　*Attorneys for Petitioner Michael Herzog*

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law complies with the word count limitation set forth in Local Civil Rule 7.1(c) and Rule V(d) of Magistrate Judge Wang's Individual Practices in Civil Cases. According to the word count feature of the word-processing system used to prepare this document, the memorandum contains 2,480 words, excluding the caption, table of contents, table of authorities, signature block, and any required certificates.

_/s/ Zachary D. Rosenbaum_

Zachary D. Rosenbaum
