# EXHIBIT 1

# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

April 20, 2026

**Via E-Mail**

Gregory Laufer
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Re:    Notice to Preserve Documents directed to Davidson Kempner Capital Management LP

Dear Mr. Laufer:

We write on behalf of Michael Herzog. This letter is to notify Davidson Kempner Capital Management LP ("DKCM" ), who we understand is your client, of Mr. Herzog's application to seek Documents[1] and testimony from DKCM under 28 U.S.C § 1782 in aid of an ongoing whistleblower action filed by Mr. Herzog in the London Central Employment Tribunal of England and Wales against Mr. Anthony Yoseloff, Davidson Kempner European Partners,

---

[1] For the purpose of this notice, "document" or "documents" includes but is not limited to, all written or graphic matter, however produced or reproduced onto any other tangible record, wherever located, including on home computers, portable computers, tablets, cell phones and other PDAs, and electronic storage media such as hard drives, CDs, cloud computing technologies or other third party storage platforms, in social media posts and computer backups, such documents including, but not limited to, all writings or recordings, whether handwritten, typewritten, printed, photographed, recorded magnetically, mechanically or electronically, and all originals, copies, facsimiles, drafts, versions and revisions thereof, whether or not conforming, annotated, used or circulated, however created, produced, stored or maintained, and by whomever prepared, produced, sent, dated, received or used. Specifically, the term "documents" includes, but is not limited to, e-mail transmissions, Internet social network transmissions (such as Facebook postings, updates and messages), instant messages (such as WhatsApp, Telegram, and other messaging applications), cables, telecopies, transmittal letters, text messages, web sites and website comments, blogs, internet archives or logs, faxes, books, papers, files, notes, desk files, contracts, agreements, invoices, bills, records of billings, checks (front and back), account statements, bank statements, drafts for money, records of payment, budgets, ledger sheets, financial information or analyses, confirmations, reports, worksheets, summaries, tables, charts, spreadsheets, lists, logs, memoranda, correspondence, telegrams, telexes, telephone bills, messages, archives or logs, VoIP (Voice over Internet Protocol) or peer-to-peer messaging system bills, messages, archives or logs, other audio, video or audio and video transmission bills, messages, archives or logs, notes or minutes of conversations, meetings and discussions, transcriptions, calendars, address books, date books, diaries, schedules, itineraries, travel logs, wire messages, wire transfers, images, audio recordings, video recordings, audio and video recordings, electronic data compilations, computer disks, and other electronic media, and storage devices. Any documents included in the above should be exempted from any document destruction, automatic deletion, or back-up recycling polices, either hard copy or electronic. The term "document" or "documents" includes metadata.

**AMERICAS** (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**APAC** (HONG KONG, SEOUL, SHANGHAI), **CARIBBEAN** (BVI, CAYMAN ISLANDS), **EMEA** (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

April 20, 2026
Page 2

LLP ("DKEP"), and Davidson Kempner Solutions Cayman LP ("DK Solutions") (the "English Proceeding"). A copy of the Grounds of Complaint filed in the English Proceeding and Mr. Herzog's application under 28 U.S.C § 1782 are transmitted via email contemporaneously.

As Mr. Herzog details in the English Proceeding, Mr. Yoseloff has undertaken concerted efforts to punish Mr. Herzog for raising concerns about Mr. Yoseloff's misconduct, including: (i) undermining the internal controls of the Davidson Kempner organization (the "Firm"); (ii) running the Firm in a manner laden with personal conflicts of interests; (iii) devoting excessive professional time to a family office when he should be devoting his professional time and attention to the business of the Firm and its investors; (iv) misusing Firm resources to create a wasteful insurance business that requires the attention of personnel who should be working on investor matters; (v) promoting inappropriate and unqualified individuals to senior roles because he can control them; (vi) taking arbitrary and punitive actions against Mr. Herzog and other partners; and (vii) weaponizing the compensation process to deter any challenge to his autocratic rule.

These allegations give rise to claims for Unlawful Detriment under English law and are the basis for the English Proceeding.  Because DKCM is the Firm's main operating entity and acts as investment manager to DKEP and DK Solutions, we expect that DKCM possesses Documents and knowledge regarding the management (and mismanagement) of the Firm and Mr. Yoseloff's decisions to retaliate against Mr. Herzog.

We understand DKCM possesses substantial evidence that is relevant to the English Proceeding and therefore ask that it and its personnel preserve all such Documents and Communications[2] or other information within their possession, custody, and control.  For the avoidance of doubt, Documents and Communications held by DKCM's partners, professional advisors or attorneys are deemed to be in its control, and Mr. Herzog hereby requests that DKCM take all necessary steps to ensure that the advisors and attorneys preserve relevant Documents and Communications, including by sharing this Notice with *at least* the following individuals (the "Relevant DK Personnel"):

1. Anthony Yoseloff
2. Gabriel Schwartz
3. Conor Bastable
4. Jeff Hurwitz
5. Morgan Blackwell
6. Sona Gohel
7. Patrick Dennis
8. Anthony Gonzalez
9. Shulamit Leviant

---

[2] For the purpose of this notice, "communication" or "communications" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.  The term "communication" or "communicates" includes metadata.

April 20, 2026
Page 3

      10. Eric Epstein

We further understand that the following former employees may possess relevant evidence, and therefore ask that DKCM preserve all Documents, Communications or other information in its possession relating to these former employees:

1. James Ganges
2. Eric Sacks

<u>Document Preservation List</u>

DKCM should preserve without limitation all Documents and Communications from January 1, 2020 to the present relating in any way to:

1. The amendments to the Partnership Governance Documents[3] that occurred in 2020 and 2023 and Mr. Herzog's concerns regarding the same.

2. The Firm's decision to establish DK Solutions and Mr. Herzog's concerns regarding the same.

3. The Firm's risk management practices and Mr. Herzog's concerns regarding the same.

4. The Firm's management, supervision of, and responsibility for, the Distressed Opportunities Fund performance and Mr. Herzog's concerns regarding the same.

5. The Firm's lack of proper internal management accounts for allocating costs and Mr. Herzog's concerns regarding the same.

6. The relationship between the Firm's compliance and legal departments and Mr. Herzog's concerns regarding the same.

7. Mr. Herzog's concerns that the Firm was losing direction and was therefore not managing investments in the best interests of its investors.

8. Mr. Yoseloff's management of the Firm as an autocracy and Mr. Herzog's concerns regarding the same.

9. Mr. Yoseloff's family office and Mr. Herzog's concerns regarding the same;

10. The Firm's 2024 search for a new COO and Mr. Herzog's concerns regarding the same.

---

[3] Unless otherwise defined herein, capitalized terms have the meanings ascribed in the Proposed Subpoena for Documents.

April 20, 2026
Page 4

11.     Mr. Herzog's departure from the Firm, including the Firm's decision whether to treat Mr. Herzog as a retired partner.

12.     The Firm's deductions from January 2025 to present from Mr. Herzog's carry proceeds.

13.     The Firm's 2026 decision to revoke its agency relationship with Mr. Herzog concerning the HMRC Investigation.

14.     The Firm's 2026 allegations that Mr. Herzog breached his confidentiality and non-solicitation obligations.

We ask that, **within seven (7) calendar days** of the date of this letter, you confirm **in writing** that: (1) DKCM has undertaken to preserve each of the categories of Documents and Communications enumerated above; (2) all Relevant DK Personnel have been provided with a copy of this notice; and (3) such Relevant DK Personnel have been instructed to preserve all Documents and Communications responsive to the categories above that reside on their personal electronic devices including but not limited to laptops, personal computers, smart phones and tablets.

Thank you for your cooperation.  Please do not hesitate to contact us if you have any questions or wish to discuss the requests.

Sincerely,


_/s/ Zachary D. Rosenbaum_
Zachary D. Rosenbaum
+1 212 488 1200