**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

MICHAEL HERZOG

Petitioner,

-against-

DAVIDSON KEMPNER CAPITAL MANAGEMENT LP,

Respondent.

-----------------------------------------------------------x

26-MC-0159 (VSB) (OTW)

**ORDER ON PETITION**

**ONA T. WANG**, **United States Magistrate Judge**:

## I. INTRODUCTION

On, April 20, 2026, petitioner Michael Herzog ("Petitioner") submitted an *ex parte* application in this District for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") to conduct discovery for use in a foreign civil proceeding in the Employment Tribunal of the United Kingdom of England and Wales (the "English Action," and when referring to the application, the "Application"). In the English Action, Petitioner has sued two non-U.S. affiliates of Davidson Kempner Capital Management LP ("Respondent") alleging retaliation for protected disclosures he made regarding the conduct of one of its executives, Mr. Anthony Yoseloff. (Naftalin Decl., ECF 11 ¶ 10; Rosenbaum Decl., ECF 12-3 ¶ 24). Petitioner seeks to serve Respondent with subpoenas for document production, (ECF 12-1) and for deposition testimony, (ECF 12-2). Because I find that Petitioner meets the requirements to obtain discovery under Section 1782, the Application is **GRANTED**.

## II. RELEVANT BACKGROUND

### A. Factual History

Petitioner was a limited partner of the UK-based entity Davidson Kempner European Partners, LLP ("DKEP") and the Cayman Islands-based entity Davidson Kempner Solutions Cayman LP ("DK Solutions"). (Naftalin Decl., ECF 11 ¶ 6; Rosenbaum Decl., ECF 12-3 ¶¶ 7.1-7.2). Davidson Kempner is a global investment management firm comprising multiple fund entities and operating companies globally, including in London and the Cayman Islands (together, the "Firm"). (Naftalin Decl., ECF 11 ¶ 6; Rosenbaum Decl., ECF 12-3 ¶¶ 3, 10-12). Davidson Kempner Capital Management LP ("DKCM"), the target of Petitioner's subpoena and the Firm's main operating entity, is headquartered in New York City at 9 West 57th St, New York, New York 10019 and is a Registered Investment Advisor with the U.S. Securities and Exchange Commission. (Naftalin Decl., ECF 11 ¶ 6; Rosenbaum Decl., ECF 12-3 ¶ 12). Anthony Yoseloff is the sole Managing Partner and Chief Investment Officer ("Executive Managing Member") of the Firm and ultimately controls the entire Firm. (Naftalin Decl., ECF 11 ¶ 6; Rosenbaum Decl., ECF 12-3 ¶ 14).

The English Action is currently set for a preliminary case management hearing before the London Central Employment Tribunal of England and Wales on November 30, 2027. (Pet'r's Mem. Of Law, ECF 10 at 7). There, Petitioner alleges that he made a number of "Protected Disclosures" to Mr. Yoseloff, and various partners of DKCM, DKEP, and DK Solutions which were not handled in the manner required by English law, resulting in Petitioner suffering various financial and reputational detriments. (Pet'r's Mem. Of Law, ECF 10 at 5-6).

Petitioner proposes to subpoena DKCM for: (i) documents and testimony reflecting the

Protected Disclosures made by Mr. Herzog and the facts underlying the events giving rise to those Disclosures; and (ii) documents and testimony reflecting the harm Mr. Herzog suffered at the hands of the English Action Respondents as a result of his Protected Disclosures. (Pet'r's Mem. Of Law, ECF 10 at 7). Petitioners assert that the discovery is necessary to corroborate that Petitioner actually made the Protected Disclosures as he alleges and that the Respondents in the English Action retaliated against him for making those Protected Disclosures. (*Id.*). Petitioner alleges that DKCM was a witness to all of the alleged Protected Disclosures and Mr. Yoseloff's misconduct is a primary basis for each. (*Id.*).

### B. Procedural History

Petitioner filed his Application on April 20, 2026, at ECF 1. Petitioner filed redacted copies of three documents in support of the Application: his memorandum of law, the declaration of Daniel Naftalin, and the declaration of Zachary D. Rosenbaum on April 20, 2026. (ECF Nos. 3-5). On April 27, 2026, Petitioner filed unredacted copies of the same documents under seal. (ECF Nos. 10-12). Those documents were later ordered to be unsealed. (ECF 37). Respondent filed their memorandum of law and declaration of Richard Hornshaw in opposition to the Application on June 25, 2026. (ECF Nos. 35-36). Petitioner filed his reply memorandum of law in support of the Application along with the declaration of Daniel Naftalin, the declaration of Zachary D. Rosenbaum, and a redacted version and sealed and unredacted version of the declaration of Michael Herzog on July 29, 2026. (ECF Nos. 38-40, 42-43).

## III. LEGAL STANDARD

As an initial matter, "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not

violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases); *see*, *e.g.*, *In re Application of Patokh Chodiev*, No. 21-MC-423 (AT), 2021 WL 3270042, at *1 (S.D.N.Y. July 30, 2021) ("Courts routinely grant similar petitions *ex parte*.")

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."[1] Section 1782 has been read to impose three statutory requirements:

> (1) that the person from whom discovery is sought reside (*or be found*) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or "any interested person."

*In re Edelman*, 295 F.3d 171, 175-76 (2d Cir. 2002) (quoting *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996)). "Once a district court is assured that it has jurisdiction over the petition, it 'may grant discovery under § 1782 in its discretion.'" *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)); *In re Top Matrix Holdings Ltd.*, No. 18-MC-465 (ER), 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020) (internal citations omitted) ("The Court is allowed wide discretion to issue discovery once the statutory requirements are met.").

The Supreme Court has outlined four factors that the district court should consider when determining whether to exercise its discretion to grant Section 1782 discovery. *Intel Corp.*

---

[1] A motion seeking discovery under Section 1782 is a non-dispositive motion under Federal Rule of Civil Procedure 72 and does not fall under the excepted motions listed in 28 U.S.C. § 636(b)(1)(A). *See In re Hulley Enterprises, Ltd.*, 358 F. Supp. 3d 331, 340-41 (S.D.N.Y. 2019) (collecting cases).

*v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The four discretionary *Intel* factors are: (1) whether the target of discovery is a participant in the foreign proceeding (in which case the need for Section 1782 aid is not as apparent), (2) the nature of the foreign tribunal, the character of the proceedings, and the tribunal's receptiveness to U.S. federal court assistance, (3) whether the application is attempting to "circumvent foreign proof-gathering restrictions," and (4) whether the request is "unduly intrusive or burdensome. *See id*. at 264-65.

**III. DISCUSSION**

As an initial matter, I find that Petitioner has satisfied the three statutory requirements. First, Respondent is "found" in this District within the meaning of Section 1782 because it is a New York corporation that maintains its principal office here. (Rosenbaum Decl., ECF 12-5; Naftalin Decl., ECF 11 ¶ 6); *see In re Al-Attabi*, No. 21-MC-207 (VSB), 2021 WL 4027021, at *2 (S.D.N.Y. Sept. 3, 2021); *and see In re del Valle Ruiz,* 939 F.3d 520, 528 (2d Cir. 2019) (holding that the term "found" "extends to the limits of personal jurisdiction consistent with due process").

Second, Petitioner avers that he intends to use the discovery to support the merits of his claims and counterclaim defenses in an ongoing civil proceeding pending in a foreign tribunal in the London Central Employment Tribunal of England and Wales. The proceeding bears the caption *Michael Herzog v. (1) Davidson Kempner European Partners, LLP, (2) Davidson Kempner Solutions Cayman LP, (3) Anthony Yoseloff*, Case No. 6011625/2026. The Employment Tribunal exercises the statutory authority of England and Wales in adjudicating matters of workplace justice. (Naftalin Decl., ECF 11 ¶ 20). It is beyond dispute that the Employment Tribunal is a

tribunal within the meaning of Section 1782. *See ZF Automotive U.S., Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 628 (2022) ("foreign tribunal" under Section 1782 refers to "an adjudicative body that exercises governmental authority" of a foreign sovereign).

Third, Petitioner is a party—specifically, the plaintiff—to the foreign proceeding and thus indisputably qualifies as an "interested person." *In re 507 Summit*, No. 23-MC-00427 (KHP), 2024 WL 81842, at *2 (S.D.N.Y. Jan. 8, 2024) ("Petitioners are interested persons because they are parties to the proceeding"). Respondent does not dispute that Petitioner has fulfilled all three statutory requirements. (*See* Resp't's Mem. Of Law, ECF 35).

Each of the discretionary *Intel* factors also weighs in favor of granting the Application. As to the first factor, Respondent is not a named party in the English Action, nor does the record indicate that it is otherwise a "participant" in that proceeding.[2] Respondent concedes that DKCM is not party to the English Action and that it is not subject to the Employment Tribunal's jurisdiction. (Resp't's Mem. Of Law, ECF 35 at 12).

The second *Intel* factor also cuts in favor of granting the application. Respondent bears the burden of providing "authoritative proof" that a foreign tribunal would reject the evidence sought. *In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 251 (S.D.N.Y. 2018) ("The burden is on Respondents to furnish "authoritative proof that a foreign tribunal would

[2] The English Action involves claims by Mr. Herzog against Mr. Yoseloff and two of Respondent's non-U.S. affiliates, DKEP and DK Solutions. (*See generally* Rosenbaum Decl., ECF 12-3). The fact that DKCM may be affiliated with the two non-U.S. entity respondents in the English Action does not weigh against this Application. Indeed, courts in this District have repeatedly held that "parent companies of non-U.S. participants in foreign proceedings are separate legal entities for purposes of Section 1782 applications, and accordingly parent entities are not viewed as within the jurisdictional reach of a foreign court for purposes of the first Intel factor." *In re Novalpina Cap. Partners I GP S.À.R.L.*, No. 23-MC-0025 (PGG), 2025 WL 1160854, at *24 (S.D.N.Y. Apr. 21, 2025) (collecting cases) (internal quotation omitted); see also *In re Pidwell*, No. 21-MC-0166 (ALC) (KHP), 2022 WL 192987, at *5 (S.D.N.Y. Jan. 21, 2022) (similar); *In re Evenstar Master Fund SPC*, No. 20-MC-00418 (CS) (JCM), 2021 WL 3829991, at *11 (S.D.N.Y. Aug. 27, 2021) ("entities who are 'participants' in foreign proceedings are 'separate legal entities from their subsidiaries and affiliates for the purpose of Section 1782'").

reject evidence obtained with the aid of Section 1782””). Here, Respondent has provided no "authoritative proof" that the Employment Tribunal would reject Section 1782 assistance.[3] (Resp't's Mem. Of Law, ECF 35 at 15-16); *See In re Polygon Glob. Partners LLP*, No. 21-MC-364 (ER), 2021 WL 2117397, at *8 (S.D.N.Y. May 25, 2021) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)) (internal citations omitted) ("In this Circuit, this factor requires consideration of only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [S]ection 1782."). Respondent also asserts that discovery is improper because the English Action has not yet commenced. (Resp't's Mem. Of Law, ECF 35 at 14). However, *Intel* itself contemplates this scenario, rejecting the premise that Section 1782 "comes into play only when adjudicative proceedings are 'pending' or 'imminent.'" *Intel*, 542 U.S. at 259.

As to the third *Intel* factor, there is also no evidence that Petitioner is seeking discovery to circumvent proof-gathering restrictions imposed by English law or is otherwise acting in bad faith. *See In re Tiberius Grp. AG*, No. 19-MC-467 (VSB), 2020 WL 1140784, at *4 (S.D.N.Y. Mar. 6, 2020) ("Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third *Intel* factor implicated"). Here, Respondent makes unsubstantiated statements claiming that the Application "is part of an effort to preempt discovery procedures applicable to the foreign proceeding," but provides no proof of such claim. (Resp't's Mem. Of Law, ECF 35 at 17).

As to the final *Intel* factor, Petitioner's requests are extensive and do span several years.

---

[3] Indeed, *Intel* itself cites a decision from the British House of Lords approving of litigants' use of Section 1782 in U.K. legal proceedings. *Intel*, 542 U.S. at 262.

However, the requested documents and testimony are important to a fair determination of the English Action because they go to the heart of Mr. Herzog's claims, by specifically (i) corroborating whether the Protected Disclosures were made, (ii) corroborating whether Mr. Herzog suffered harm as a result of the Protected Disclosures, and (iii) supporting Mr. Herzog's allegations of misconduct by Mr. Yoseloff. (Pet'r's Mem. Of Law, ECF 10 at 15). Such narrow requests fall well within the bounds of Section 1782 applications that courts in this District have previously granted. *See, e.g., In re Fund for Protection of Inv. Rights in Foreign States*, No. 19-MC-0401 (AT), 2020 WL 3833457, at *4 (S.D.N.Y. July 8, 2020), *rev'd sub nom. on other grounds*, *ZF Auto*, 596 U.S., 619 (finding that a Section 1782 discovery application, which requested myriad documents and sought to depose several individuals, was permissible in scope, as the requests went "to the heart of" the applicant's case); *Ex parte Abdalla*, No. 20-MC-0727 (PKC), 2023 WL 2911047, at *5 (S.D.N.Y. Apr. 12, 2023) (finding that a Section 1782 application, which requested discovery from twelve persons and spanned nine years, was permissible in scope because it bore directly on the claims at issue in the litigation).

The remainder, and indeed the bulk, of Respondent's opposition consists mainly of conclusory statements that Petitioner filed this Application in bad faith or for the purposes of harassment and to embarrass the Firm. (Resp't's Mem. Of Law, ECF 35 at 1-2, 8-11). Respondent relies on assumption and conjecture to ascertain Petitioner's motivations in filing the Application, providing no actual evidence that Petitioner has acted in bad faith. (*Id.*). Petitioner himself in his reply provides a declaration attesting that he has not filed the Application in bad faith and that he has refrained from speaking to the media on this matter. (*See* Herzog Decl., ECF 43 ¶ ¶ 2-3, 62-76).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's discovery application pursuant to 28 U.S.C. § 1782 is **GRANTED**. Petitioner is hereby authorized to serve its proposed subpoenas on Respondent by **September 25, 2026**. Respondent shall comply with the subpoena in accordance with the Federal Rules of Civil Procedure, the Local Rules, and my Individual Practices. Any motions for a protective order must be filed by **October 2, 2026**, with opposition due **October 9, 2026**. The Court does not invite replies.

The Clerk of the Court is respectfully directed to close ECF 1.

**SO ORDERED.**

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 20, 2026
New York, New York