PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Gregory F. Laufer**
**Phone:** +1 212 373 3441
**Email:** glaufer@paulweiss.com

Brussels
Hong Kong
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, D.C.
Wilmington

October 30, 2026

**VIA ECF**

Honorable Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 20D
New York, NY 10007-1312

Re: *In re Application of Michael Herzog*, Case No. 1:26-mc-00159 (VSB) (OTW)

Dear Judge Wang:

We represent Respondent Davidson Kempner Capital Management LP ("DK") in this matter. Pursuant to Sections II(b) and II(e) of Your Honor's Individual Practices in Civil Cases, we respectfully request a 30-day extension of the deadlines set forth in the Court's September 30, 2026 Order, ECF No. 50, and a corresponding adjournment of the November 12, 2026 status conference, ECF No. 51, as follows:

- The deadline to file any motion for a protective order is extended from November 2, 2026, to December 2, 2026.
- The deadline to file any opposition to a motion for a protective order is extended from November 9, 2026, to December 9, 2026.
- The date of the status conference is adjourned from November 12, 2026, to a date convenient for the Court.

An extension is warranted because the parties are still very actively negotiating the scope of discovery in connection with Petitioner's Section 1782 application. Although the parties have made what seems to be substantial progress, certain issues remain unresolved right now, but the parties are continuing to work through the issues on their own. More specifically, DK sent Petitioner proposed search terms on October 6, 2026. Petitioner did not respond for two weeks, and when he did, on October 20, 2026, he offered no search terms at all; instead, he proposed a conceptual framework of 68 sub-categories of requested materials. That left DK with less than two weeks before the current November 2 deadline to evaluate the proposal and confer with Petitioner.

The parties have since met and conferred and are in active negotiations. During one of those meet and confers, at DK's recommendation, the parties involved their respective UK counsel to discuss the issues from a UK law perspective given that any motion practice in this Court would in all likelihood involve UK law declarations regarding the anticipated scope of discovery in the UK proceedings.

As noted, the parties are making good progress, but key issues remain open and the areas of dispute that could in theory warrant judicial intervention have not yet crystallized. The parties are still discussing custodians and search terms, and have not discussed the scope of the topics called for under the deposition subpoena, much less the timing of a deposition.

Given these circumstances, a 30-day extension will allow the parties to identify where they agree and where, if anywhere, they do not, so that any motion DK ultimately files is confined to genuine disputes—narrowing, rather than multiplying, the issues requiring the Court's intervention.

A corresponding adjournment of the status conference is also warranted. If the briefing schedule is extended, the parties will still be negotiating the scope of discovery on November 12 and would have little to report beyond the fact that conferrals are ongoing. Adjourning the conference until after any briefing is complete will allow the parties to present the Court with a narrowed set of disputes and a meaningful update.

Petitioner has told us that he does not consent to the extension or adjournment. Petitioner's counsel states that Petitioner supposedly cannot assess whether an extension is needed because DK has not yet substantively responded to the October 20 proposal, and that DK has not identified a basis for a protective order even though the Court has already extended the deadline once. Neither objection warrants denial of DK's request. As noted, the parties have conferred about Petitioner's proposal and are making progress towards mutual resolution. DK is still working through it precisely because it arrived two weeks after DK's own and recast Petitioner's requests into 68 new sub-categories; the extension is meant to give that process time to work. And DK should not be forced to move on issues the parties may yet resolve simply to preserve its rights. Petitioner also opposes the adjournment on the ground that a conference is necessary to update the Court, regardless of whether DK moves on November 2. DK respectfully submits that a conference held after any briefing is complete will give the Court a far more useful update.

An extension of deadlines is particularly appropriate here because, as prior submissions have observed, there is no timing exigency whatsoever given that the UK proceedings will not have a preliminary conference—the first appearance before a judge—for another year from now, leaving more than ample time for the parties to endeavor to work things out here and get whatever discovery done that needs to be done—well in advance of any milestone in the UK. For that reason, there is absolutely no conceivable prejudice that Petitioner could point to from another short extension, and no basis to justify imposing on this Court in November, as opposed to December (if needed) when there is simply nothing concrete to discuss.

Accordingly, DK respectfully requests that the Court extend the deadlines and adjourn the status conference as set forth above.

Respectfully submitted,

*/s/ Gregory F. Laufer*
Gregory F. Laufer

cc: All counsel of record (by ECF)