KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

October 30, 2026

**VIA ECF**
Hon. Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: ***In re Application of Michael Herzog*, Case No. 1:26-mc-00159**
**Opposition to Respondent's Second Motion for Extension of Time**

Dear Judge Wang:

We write on behalf of Petitioner Michael Herzog in response to Respondent Davidson Kempner Capital Management LP's ("DKCM" or "Respondent") second request for a 30-day extension of time to seek any protective order and request to indefinitely adjourn the status conference currently scheduled for November 12, 2026. Dkt. 52.

For over a month, the parties have been conferring via both videoconference and email about the scope of discovery. At first, Respondent sought to unilaterally narrow its responses to the subpoenas to exclude documents and communications tending to substantiate the underlying wrongdoing at the heart of Petitioner's protected disclosures and it attempted to limit custodians to one person: Petitioner. Respondent also requested a meet and confer among English counsel for both sides, and U.S. counsel in the above-captioned matter, to discuss the relevance of evidence to which Respondent objected. Petitioner accommodated that call and explained why such information is not only highly relevant to the English-action respondents' motive for retaliation and Petitioner's reasonable belief, but also to the positions those respondents put squarely at issue in their answering papers—by, for example, averring that Petitioner's allegations before the English Employment Tribunal are contrived and made in bad faith (a theme this Court has heard before).

After that call, and in a continued effort to reach a compromise, on October 20, 2026, we provided a significantly streamlined search protocol in which Petitioner voluntarily agreed to narrow every single document request to seek a targeted list of discrete documents and a limited set of electronic communications among a defined list of relevant custodians. Petitioner also

agreed to narrow the relevant time period for each request. Respondent's counsel did not respond to this proposal until Monday, October 26, by insisting on a call the very next day, which Petitioner accommodated. Despite promising to do so, Respondent did not make *any* counter-proposal on that call, however the parties did appear to make some conceptual progress. And when at the end of the call counsel for Respondent requested Petitioner's consent to a further 30-day extension of Respondent's protective order deadline, we responded that we could not assess whether any further extension was warranted without first receiving Respondent's counter-proposal to Petitioner's streamlined search protocol. To date, Respondent has *still* not provided *any* counter-proposal.

We do not see that there is any basis for a protective order motion much less need for even more time to make one; but, of course, we leave it to the Court's sound judgment as to by when such a motion must be filed by Respondent. In either event, we submit that it is very important for the status conference to proceed on November 12, so that the parties can update the Court on progress or, if need be, areas of disagreement, and to receive interim guidance regarding those negotiations as may be appropriate.

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Zachary D. Rosenbaum*

Zachary D. Rosenbaum
zachary.rosenbaum@kobrekim.com
Alyssa L. Aubuchon
alyssa.aubuchon@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
T: +1 212 488 1200
F: +1 212 488 1200

*Attorney for Petitioner Michael Herzog*

cc: All Counsel of Record