November 11, 2026

**VIA ECF**

Hon. Ona T. Wang
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: ***In re Application of Michael Herzog*, Case No. 1:26-mc-00159**
**Joint Agenda Letter; November 12, 2026 Status Conference**

Dear Judge Wang:

We write jointly on behalf of Petitioner Michael Herzog ("Petitioner") and Respondent Davidson Kempner Capital Management LP ("Respondent" or "DK," and together with Petitioner, the "Parties") pursuant to Your Honor's Individual Practice IV(e) to provide a proposed agenda for the upcoming status conference on November 12, 2026.

**1. Scope of DK's Forthcoming Production of Documents.**

Petitioner's Position

Following substantial discussion between the Parties, and in an effort to reach a compromise, on November 5, Petitioner provided DK with a significantly streamlined search protocol in which Petitioner agreed to further narrow its document requests to seek a targeted list of discrete documents and a limited set of electronic communications among a defined list of relevant custodians (the "November 5 Proposal"). Petitioner also agreed to narrow the relevant time period for each request. The November 5 Proposal is the third iteration provided by Petitioner to DK. The others were provided on September 29 and October 20, and each has iteratively refined and narrowed the scope of information being sought following counsels' meet and confers. Petitioner believes that its proposals, culminating in the November 5 Proposal, are tailored, reasonable, and proportionate. On November 9, the Parties held a telephone conference at which Petitioner's counsel answered a number of questions posed by DK's counsel regarding the November 5 Proposal. DK provided a responsive proposal on November 11. Petitioner intended to attach to this letter a redline reflecting DK's edits to the November 5 Proposal to illustrate the present status of negotiations between the Parties. Respondent, however, raised confidentiality concerns regarding the redline. While Petitioner disagrees that the redline is confidential, it has accommodated DK's request for this filing and instead intends to share the redline in hard copy with the Court at the conference.

Respondent's Position

The Parties are actively engaged in discussions in an effort to resolve outstanding disputes regarding the scope of DK's production in response to Petitioner's subpoena. DK has engaged in good faith at each stage of the conferral process, responding promptly to each of Petitioner's proposals, and has similarly provided Petitioner with three successive proposals. The narrowing reflected in those successive proposals is the product of DK's conferral efforts, including DK's concerns regarding the breadth of Petitioner's requests and the burden they would impose on DK. On Monday, November 9, DK conferred with Petitioner to clarify Petitioner's positions on a discrete set of issues in Petitioner's November 5 Proposal. Two days later, on November 11, DK provided a written counterproposal that accommodates the substantial majority of Petitioner's requests. DK's proposed edits are limited and targeted, and are directed to ensuring that the scope of production is proportionate to the needs of this proceeding. DK awaits Petitioner's response to its November 11 counterproposal, stands ready to continue conferral, and remains hopeful that the Parties can resolve the scope of production without the Court's intervention.

As for Petitioner's contention that he accommodated DK's request not to attach the Parties' latest discovery parameter proposal in redline on confidentiality grounds, that is not entirely accurate. As noted, the Parties are deep in discussions about the scope of discovery and are making progress. There is no motion before the Court at this stage, and it would in our view be highly irregular and unnecessary to attach a search proposal to a simple joint status report in the absence of any live dispute. We have asked Petitioner to specify why he feels any need to submit the redline to the Court given his concession that there is no impasse at present. Petitioner has not identified any credible justification in the circumstances.

**2. Deadline to File a Motion for a Protective Order.**

Petitioner's Position

Petitioner sees no basis for any protective order regarding the scope of discovery. If DK wishes to seek a protective order, it should do so as required by ECF No. 54.

Respondent's Position

As set forth in DK's letter motion filed November 11, 2026, ECF No. 55, DK respectfully requests that the Court extend the deadline to move for a protective order from November 13, 2026 to December 2, 2026, and the deadline for any opposition from November 20, 2026 to December 9, 2026. The extension is warranted for several reasons. *First*, the Parties are actively negotiating, have made substantial progress, and have not reached an impasse on any issue. *Second*, the Parties have not yet reached the deposition subpoena at all. *Third*, the current motion deadline falls one day after the November 12 status conference, leaving insufficient time for the Parties to continue their discussions. Moving for a protective order now would not be a productive use of the Parties' or the Court's resources. DK respectfully requests that the Court address the letter motion at the conference.

**3. Timing of DK's Production of Documents.**

Petitioner's Position

Petitioner intends to respectfully request that the Court order DK to substantially complete its document production by January 29, 2027.

Respondent's Position

DK submits that it is premature to set a substantial completion deadline while the Parties are still negotiating the scope of production. A completion date depends on what DK will produce, including which custodians, which time periods, and how many documents. Those terms are not yet settled. Petitioner has DK's November 11 counterproposal, which is DK's latest offer, and has not yet responded to it. If Petitioner accepts that counterproposal, DK proposes to substantially complete its production by July 31, 2027. That date is proportional to the volume of material the counterproposal covers—which covers 68 discrete topics—and tracks the actual schedule of the foreign proceeding. It also falls approximately four months *before* the UK Tribunal's first case-management hearing, which is before Petitioner could seek any disclosure in the UK Action. If the scope ultimately differs from DK's counterproposal, the appropriate completion date may differ too, and the Parties should confer on timing once scope is resolved. Petitioner's proposed January 29, 2027 deadline would compress the review into roughly two months, including the holiday period. That deadline would apply to a scope that has not yet been defined, and a data set that has not yet solidified, and Petitioner identifies no corresponding need.

**4. Timing of Corporate Representative Deposition.**

Petitioner's Position

Following substantial completion of DK's document production, Petitioner intends to meet and confer with DK regarding a mutually agreeable date for the corporate representative deposition of DK.

Respondent's Position

DK intends to provide a corporate representative to sit for a deposition in response to Petitioner's deposition subpoena. The Parties have not yet conferred regarding the subpoena topics, and DK intends to do so promptly. The Parties agree that the deposition should take place after substantial completion of document production. As above, the UK Tribunal's very first case-management hearing is over one year away, with commencement of discovery in those proceedings likely to begin in 2028 at the earliest. In all likelihood, a deposition here following the above-proposed substantial-completion date of July 31, 2027 will still occur long before discovery in the UK even begins.

* * *

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Gregory F. Laufer*
Gregory F. Laufer
Roberto Finzi
Phoebe H. King
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
glaufer@paulweiss.com
pking@paulweiss.com

*Counsel for Respondent Davidson Kempner Capital Management LP*

*/s/ Zachary D. Rosenbaum*
Zachary D. Rosenbaum
zachary.rosenbaum@kobrekim.com
Alyssa L. Aubuchon
alyssa.aubuchon@kobrekim.com
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
T: +1 212 488 1200
F: +1 212 488 1200

*Counsel for Petitioner Michael Herzog*

cc: All Counsel of Record